IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LACIE MARIE MURPHY                                                                                    PLAINTIFF

vs.                                         Civil No. 1:12-cv-01099

CAROLYN W. COLVIN                                                                                     DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Lacie Marie Murphy ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her applications for DIB and SSI on November 9, 2009.  (Tr. 12, 199-204). Plaintiff alleged she was disabled due to a language impairment, complications from burns on legs, ADHD, and ODD.  (Tr. 229).  Plaintiff alleged an onset date of May 30, 2009.  (Tr. 229).  Plaintiff's

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

applications were denied initially and at the reconsideration level.  (Tr. 83-94).

On May 17, 2010, Plaintiff requested an administrative hearing on her applications.  (Tr. 95).  This hearing was held on March 24, 2011.  (Tr. 35-78).  Plaintiff was present and was represented by her attorney, Denver Thornton, at this hearing.  *See id.*  Plaintiff, her mother Paula Murphy, and Vocational Expert ("VE") Dr. Tyra Watts testified at this hearing.  *See id*.  On the date of this hearing, Plaintiff was twenty-four (24) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a high school education.  (Tr. 39-40).

On April 15, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 12-21).  The ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2011.  (Tr. 14, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 30, 2009.  (Tr. 14, Finding 2).

The ALJ determined Plaintiff had the severe impairments of borderline intellectual functioning, mood disorder, and residuals from burns to the lower extremities.  (Tr. 14, Finding 3).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 16-19).  First, the ALJ indicated she evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  (Tr. 18-19).  Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for less than the full range of light work.  (Tr. 16, Finding 5).  Specifically, the ALJ found Plaintiff could:

2

stand/walk ½, hour continuously; sit 1-2 hours continuously, 6 hours in an 8 hour day; and experiencing mild to moderate pain. She can occasionally climb, stoop, crouch, kneel, and crawl. Likewise, she is unable to perform work at unrestricted heights nor operate foot pedals. Non-exertionally, the claimant is restricted to performing simple unskilled or semi-skilled work; understand, follow, and remember concrete instructions and maintain superficial contact to co-workers and supervisors. Finally, the claimant is able to maintain limited contact with the public.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and her ability to perform that work and other work in the national economy. (Tr. 19, Finding 6). The ALJ determined, considering her RFC, that Plaintiff would be unable to perform her PRW as a school attendant. *Id.*

The ALJ also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 19-20, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 69-77). Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as a stringer with 4,600 such jobs in Arkansas and 235,000 such jobs in the nation, garment bagger with 5,620 such jobs in Arkansas and 706,000 such jobs in the nation, table worker with 1,970 such jobs in Arkansas and 423,000 such jobs in the nation and checker/weigher with 2,900 such jobs in Arkansas and 441,000 such jobs in the nation. (Tr. 20). Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from May 30, 2009 through the date of his decision. (Tr. 20, Finding 11).

On May 3, 2011, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 7). *See* 20 C.F.R. § 404.968. On September 7, 2012, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 1-3). On September 20, 2012, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on October 2, 2012. ECF No. 5. Both parties have filed appeal briefs. ECF Nos. 7, 11. This case is now ready for decision.

3

2. **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 7 at 4-14.  Specifically, Plaintiff claims the ALJ erred (1) by failing to properly evaluate whether Plaintiff met a Listing, (2) by not appreciating Plaintiff's impairments in combination, (3) in his RFC determination of Plaintiff, and (4) by failing to ask a proper hypothetical to the VE.  *Id.*  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 11.  Because this Court finds the ALJ erred in his evaluation of evidence related to whether Plaintiff met a listing, this Court will only address this issue.

Plaintiff argues she satisfactorily showed she met the requirements of listed impairment, Listing 12.05(B) or 12.05(C), and should therefore have been found to be disabled at step three of

the sequential analysis process. "A claimant who is found to be mentally retarded under [Listing 12.05] is presumed disabled at step three without further inquiry." *Chunn v. Barnhart*, 397 F.3d 667, 671 (8th Cir. 2005); 20 C.F.R. § 416.920(a)(4)(iii). Listing 12.05 defines "mental retardation" as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. pt. 404, subpt. P, app.1, § 12.05 ("Listing 12.05"). A claimant will be considered mentally retarded if he meets any one of four sets of requirements, including the requirements contained in subsection 12.05(B) or 12.05(C). Listing 12.05(B) requires, simply, a "valid verbal, performance, of full scale IQ of 59 or less," and Listing 12.05(C) requires a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."

On December 9, 2004, Dr. Charles Spellmann prepared a Mental Status and Evaluation of Adaptive Functioning report on behalf of Plaintiff. (Tr. 294-296). Testing of Plaintiff resulted in a verbal IQ of 79, a performance IQ of 80, and a full scale IQ of 78. (Tr. 295). Dr. Spellmann stated the test results indicated Plaintiff was functioning within the borderline range of intelligence. (Tr. 295).

More than six years later, on January 14, 2010, Plaintiff underwent an Intellectual Assessment by Dr. Tom Wright. (Tr. 335-338). Plaintiff's IQ score summary showed verbal IQ of 69, a performance IQ of 70, and full scale IQ of 67. (Tr. 336). The report indicates the full scale IQ score of 67 is considered "extremely low." *Id.* The report also indicates Plaintiff qualifies for a diagnosis of mental retardation. (Tr. 337).

The ALJ acknowledged the 2010 IQ scores contained in the report of Dr. Wright, but did not

find that they were determinative, and gave greater weight to the IQ scores of Plaintiff taken from December 2004. (Tr. 19). In this case, the ALJ's decision is not supported by substantial evidence. The ALJ's opinion recognizes multiple IQ scores reflecting different degrees of intellectual functioning, but nonetheless finds only one of the IQ tests to be accurate. (Tr. 19). The apparent basis for this finding is that the test preferred by the ALJ is most consistent with his opinion of Plaintiff's general behaviors and abilities. *Id.* The ALJ's opinion fails to provide "substantial evidence" in support of such a finding. Further, only validity, not the ALJ's opinion of the various tests' accuracy, is required by Listing 12.05C. The Court recognizes that an ALJ may reject IQ scores that are inconsistent with the record but he must provide a legitimate basis for his decision. *Markle v. Barnhart*, 324 F.3d 182, 187 (3d Cir.2003). Here, the ALJ has failed to do so. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis must be performed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **15th day of August 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE